VENABLE LLP
Daniel S. Silverman (SBN 137864)
Email: dsilverman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

THORPE NORTH & WESTERN LLP
Mark M. Bettilyon (*Pro Hac To Be Filed*)
Email: mark.bettilyon@tnw.com
Peter M. de Jonge (*Pro Hac To Be Filed*)
Email: dejonge@tnw.com
Jed H. Hansen (*Pro Hac To Be Filed*)
Email: hansen@tnw.com
175 South Main, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 566-6633

Attorneys for Defendant
MOPHIE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ERIC STOTZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOPHIE INC.,<br><br>Defendant. | Case No.: 2:16-cv-8898<br><br>CLASS ACTION<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>[Los Angeles County Superior Court Action No. BC639116]<br><br>Action Filed: October 28, 2016<br>Complaint Served: November 1, 2016<br>Removal: December 1, 2016 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Mophie Inc. ("Defendant") by and through its attorneys, Venable LLP, and pursuant to 28 U.S.C. §§1332, 1441, and 1446, hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Los Angeles for the reasons described below:

## I. INTRODUCTION

1. On or about October 28, 2016, Plaintiff Eric Stotz, individually, and on behalf of all others similarly situated, ("Plaintiff") filed a civil action in the Superior Court of California for the County of Los Angeles, entitled *Stotz v. Mophie Inc.*, Case No. BC639116 (the "State Court Action"). *See* the Declaration of Alexandra Thomas ("Thomas Dec.") Exhs. A-D.

2. Plaintiff served the Complaint, Summons, and Civil Case Cover Sheet on Defendant on November 1, 2016. Thomas Dec. ¶ 6.

3. Plaintiff alleges that Defendant sold falsely advertised battery-related products (the "Product") and pursues damages, restitution, and injunctive relief arising from the alleged false advertising.

## II. GROUNDS FOR REMOVAL PURSUANT TO CAFA

4. The Class Action Fairness Act, 28 U.S.C. § 1332(d), ("CAFA") provides this Court with original jurisdiction of this case and permits Defendant to remove the State Court Action from California state court to this Court. CAFA provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100 or greater, any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and the aggregate amount in controversy for all putative class member exceeds $5,000,000 (exclusive of interest and costs). 28 U.S.C. § 1332(d)(2), (d)(5)(B). These jurisdictional requirements are satisfied in this action.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

**A.     This is a Class Action as Defined by CAFA**

5.     This action meets the applicable definition of a class action under CAFA, which defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B).

6.     Plaintiff filed the State Court Action as a putative class action on behalf of himself and a proposed nationwide class of "[a]ll United States citizens who, between the applicable statute of limitations and the present, purchased one or more Class Products," which putative class includes California residents such as Plaintiff. Complaint ¶ 47 ("All persons located within the United States who purchased" the Product). Moreover, Plaintiff concedes in his filing that there is original subject matter jurisdiction over this action under CAFA. Complaint ¶ 24.

7.     The California rule governing the maintenance of class actions, California Code of Civil Procedure section 382, is analogous to Federal Rule of Civil Procedure 23. Thus, this action falls within the definition of a "class action" under CAFA.

**B.     The Proposed Class Consists of at Least 100 Members**

8.     Plaintiff alleges that the putative class in this action consists of at least 100 members and allegedly "thousands of persons." 28 U.S.C. § 1332(d)(5)(B). Complaint ¶¶ 25, 51.

9.     Although Defendant disputes that any class can be appropriately certified under any applicable rule, Plaintiff's allegations in the Complaint are sufficient to satisfy CAFA's requirement that the proposed class consist of at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.     There Is Minimal Diversity of Citizenship Under CAFA**

10.     The requisite diversity of citizenship exists between Defendant and the putative class members. CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds

1  the sum or value of $5,000,000, exclusive of interest and costs, and is a class action
2  in which . . . *any* member of a class of plaintiffs is a citizen of a State different
3  from *any* defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added). Thus, only
4  minimal diversity is required.
5       11.    Defendant is a California corporation having an office in Orange
6  County, California. Thomas Decl. ¶ 2. Because Plaintiff purports to represent a
7  nationwide class of putative plaintiffs (Complaint ¶47), then at least one of the
8  putative class members is a citizen of a state different from Defendant and minimal
9  diversity of citizenship is satisfied for purposes of CAFA. 28 U.S.C. §
10  1332(d)(2)(A), (d)(10).

       **D.**    **The Amount in Controversy is Satisfied**

12       12.    The aggregate amount in controversy here, exclusive of interest and
13  costs, exceeds the value of five million dollars. 28 U.S.C. § 1332(d)(2), (d)(6). As
14  the United State Supreme Court has clarified, Defendant need not provide evidence
15  proving that the amount in controversy exceeds the CAFA threshold. *Dart*
16  *Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Rather,
17  where the complaint does not specify a particular amount of alleged damages, a
18  "defendant's notice of removal need include only a plausible allegation that the
19  amount in controversy exceeds the jurisdictional threshold." *Id.* at 554. Having
20  reviewed the Complaint and the facts known to it about its own sales, Defendant
21  alleges that the amount in controversy exceeds five million dollars. *See also*
22  Declaration of Abby Barraclough in Support of Removal at ¶ 3.
23       13.    While Defendant disputes that Plaintiff or the putative class is entitled
24  to any amount of recovery, Plaintiff's allegations seek recovery of an amount in
25  excess of five million dollars (Complaint ¶ 25) and so this case is removable under
26  CAFA.
27  / / /
28

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

#### A. The Notice of Removal is Timely

14. Plaintiff served the Summons and Complaint on Defendant on November 1, 2016. Thomas Dec. ¶ 6, Thomas. Dec. Exh. D. This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is filed within thirty days after Defendant was served.

#### B. Venue is Proper

15. The Superior Court of the State of California for the County of Los Angeles is located within the Central District of California. 28 U.S.C. § 84(c). This notice of removal is therefore properly filed in this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 1453(b).

#### C. Notice of Filing

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of the State of California for the County of Los Angeles and served upon counsel for Plaintiff. A copy of that Notice to State Court and to Plaintiff of Removal of Action is attached hereto. Thomas Decl. Exh. E.

### IV. CONCLUSION

For the reasons stated, federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1453.

DATED: December 1, 2016

VENABLE LLP

By: /s/ Daniel S. Silverman
    Daniel S. Silverman

Attorneys for Defendant
MOPHIE INC.